1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO HAMMONDS, aka
     HAQQ SHABAZZ,
11
                    Plaintiff,              No. 2:10-cv-3439 KJN P
12
            vs.
13
     WARDEN, et al.,
14
                    Defendants.             ORDER
15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1  make monthly payments of twenty percent of the preceding month's income credited to

2  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4  fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

22  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

25  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

26  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

2

U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question,  <u>id.</u>, and construe the pleading in the light

most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Plaintiff alleges a violation of his First Amendment right to practice his religion,

both by the refusal to allow him to attend church on Friday, and by the failure to provide him

with a Halaal diet.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

<u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

(9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

Cir. 1982).

1    While plaintiff's claim may state a cognizable civil rights claim, plaintiff has

2 failed to include any charging allegations as to the three named defendants.  Plaintiff has failed to

3 identify how each defendant was involved or allege how each defendant personally denied him

4 access to Friday services and/or the provision of the Halaal diet.

5    Accordingly, this court finds the complaint does not contain a short and plain

6 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

7 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

8 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

9 allege with at least some degree of particularity overt acts which defendants engaged in that

10 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

11 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

12 an amended complaint.

13    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

15 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

16 how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

17 unless there is some affirmative link or connection between a defendant's actions and the

18 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

19 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

20 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

21 268 (9th Cir. 1982).

22    In addition, plaintiff is hereby informed that the court cannot refer to a prior

23 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

24 an amended complaint be complete in itself without reference to any prior pleading.  This

25 requirement exists because, as a general rule, an amended complaint supersedes the original

26 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

4

complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  January 3, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hamm3439.14

5

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO HAMMONDS, aka
     HAQQ SHABAZZ,
11

12              Plaintiff,                    No. 2:10-cv-3439 KJN P

13        vs.

14   WARDEN, et al.,                          NOTICE OF AMENDMENT

15              Defendants.

16   _____/

17              Plaintiff hereby submits the following document in compliance with the court's

18   order filed _____:

19              _____      Amended Complaint

20   DATED:

21

22                                    _____

23                                    Plaintiff

24

25

26

6